## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2010012553 |
| | ) | |
| DAHMERE WHITE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  November 14, 2022
Date Decided:  December 9, 2022

## ORDER

Upon consideration of Defendant's Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)     On August 22, 2022, Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Gang Participation[2] and was sentenced, effective October 27, 2020, as follows: for PFBPP, 15 years at Level V, suspended after 5 years for decreasing levels of supervision;[3] and for Gang Participation, 3 years at Level V, suspended for 18 months at Level III.[4]  Probation for the offenses was to run concurrently with any probation Defendant was already serving.[5]

---

[1] D.I. 34.
[2] D.I. 32.
[3] The first five years of this sentence are mandatory pursuant to 11 *Del. C.* § 1448(e)(1).
[4] D.I. 33.
[5] *Id.*

(2)    Defendant filed the instant Motion on November 14, 2022.[6]    He requests a sentence reduction, but does not specify by how much he seeks to have his sentence reduced.[7]

(3)    In support of his request, Defendant states he is obtaining his GED, participating in anger management classes, participating in a drug and alcohol abuse program through Road to Recovery, and is enrolled in Thinking for a Change.[8]

(4)    Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[9]    The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[10]    Rule 35(b) contains procedural bars for timeliness and repetitiveness.[11]    Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence was imposed."[12]    Furthermore, under Rule 35(b) "[t]he [C]ourt will not consider repetitive requests for reduction of sentence."[13]    The Court cannot modify the mandatory minimum portion of sentences.[14]

(5)    Defendant's Motion is not procedurally barred.    It was filed on

---

[6] D.I. 34.
[7] *Id.*
[8] *Id.* at 2.
[9] Super. Ct. Crim. R. 35(b).
[10] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[11] Super. Ct. Crim. R. 35(b).
[12] *Id.*
[13] *Id.*
[14] 11 *Del. C.* § 4204(d).

November 14, 2022, which is within the 90-day filing period prescribed by Rule 35(b).[15] Moreover, this is Defendant's first motion, therefore it is not barred as repetitive.

(6) Defendant's unsuspended sentence of 5 years at Level V for PFBPP is a mandatory minimum sentence.[16] As such, the Court cannot reduce it. While the Court commends Defendant for his rehabilitation goals, it lacks the authority to reduce Defendant's mandatory minimum sentence and finds the sentence remains appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

cc: James K. McCloskey, DAG
Dahmere White (SBI #00660653)

---

[15] Super. Ct. Crim. R. 35(b).
[16] *See* 11 *Del. C.* § 1448(e)(1).